## Wytheville.

HUNDLEY AND OTHERS v. NEALE, OYSTER INSPECTOR.

June 10, 1909.

1. OYSTERS—*Application for Grounds—Priority of Claims.*—The writ of mandamus prayed for in the case at bar, to compel the oyster inspector to take the necessary preliminary steps to assign certain oyster grounds to the petitioner, was properly refused, as there were pending before the inspector prior *bona fide* applications for the same grounds which had not been acted on through no fault of the applicants. The prior applications were before the re-establishment of the lines of the Baylor survey, but were still insisted on, while petitioner's application was not .filed till after such re-establishment.

Error to a judgment of the Circuit Court of Essex county on a petition for a mandamus. Judgment for the defendant. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Thomas E. Blakey* and *Jos. W. Chinn, Jr.,* for the plaintiffs in error.

*James N. Stubbs, H. I. Lewis, F. G. Newbill* and *Jno. R. Saunders,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This is an application by the plaintiffs in error to the Circuit Court of Essex county for a writ of mandamus to compel the

defendant in error to post notices of their application for certain oyster planting grounds, in conformity with the statute, for the purpose of establishing the right of the petitioners to an assignment of such ground.

A jury was waived, and the whole question of law and fact was submitted to the court. The sole issue of fact, agreed upon by the parties, to be determined by the court, as shown by the order of submission, was as follows: "Did the petitioners make application according to law to R. G. Neale, oyster inspector for Essex county, Va., district No. 9, for the oyster bottom described in the petition, and, if so, were the said petitioners the first *bona fide* applicants for said bottom."

Upon the evidence, the circuit court held that the petitioners had made application according to law for the oyster bottom described in their petition, but that they were not the first *bona fide* applicants for such oyster bottom, the same having been previously applied for, according to law, by Walter C. Palmer and Garrett & Hunt, respectively, as set out in the answer of R. G. Neale, inspector. Thereupon, the writ of mandamus was denied and the petition dismissed.

The record before us abundantly sustains this action of the circuit court. It appears that on January 3, 1903, Walter C. Palmer filed with the oyster inspector his application for the oyster bottom in controversy. It further appears that Palmer frequently, after filing his written application, applied verbally to the inspector, asking that the ground in question should be assigned to him, and was told by the inspector that his application was on file and was the first to be filed, but that the oyster ground covered by the application was within the Baylor survey, and not, therefore, such public bottoms as it was proper for him to rent out.

It further appears that on February 7, 1903, Garrett & Hunt filed their application for a portion of the ground in dispute, and were informed of Palmer's application and the difficulty in the way of the inspector's acting. And on August

5, 1907, the petitioners filed their application for the oyster bottom in question.

It is satisfactorily shown that from 1903, when the early applications were made for these grounds, up to 1907, when the petitioners made their application, it was not known whether these oyster grounds were within or without the Baylor survey. If they were within the Baylor survey the inspector had no authority to post notices with respect to them. The matter was in such confusion that nothing could be done until there was a survey re-establishing the line of the Baylor survey. This survey was ordered and a report made in August, 1907, to the Board of Fisheries by the surveyor, showing that the grounds were without the Baylor survey. After the result of this survey was known, the petitioners, for the first time, filed their application for the oyster grounds in question; and before the report of the surveyor had been confirmed by the Board of Fisheries, they presented their petition for this writ of mandamus to compel the oyster inspector to post notices of their application for the purpose of establishing their right to an assignment of the oyster bottoms in controversy.

The *bona fide* applications of Walter C. Palmer and Garrett & Hunt, respectively, were made and filed long before that of the petitioners was made, and the delay in securing action upon such applications was due to no fault of theirs, and did not prejudice their rights.

Upon the issue submitted to its determination, the circuit court could not have held otherwise, and its judgment must be affirmed.

*Affirmed.*